IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-02090-WJM-KLM

BLUELINX CORPORATION, a Georgia corporation

 Plaintiff,

vs.

BRAD STROSAHL, an individual, and
PRIMESOURCE BUILDING PRODUCTS, INC., a Delaware corporation

 Defendants.

## PROTECTIVE ORDER

THIS MATTER having come before the Court on the stipulation of the respective parties concerning the production of certain documents in this action, and the Court being fully advised, enters the following Protective Order under Federal Rule of Civil Procedure 26(c).

 1. Any documents produced or exchanged by the parties, or any of their attorneys, which a party reasonably believes are of a sensitive and confidential nature and which information is not publicly available, may be designated as "Confidential," and all documents so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. Any party wishing to challenge the designation of any document as confidential by the other party may submit objections to the Court for determination, *pursuant to Mr. Mix's discovery procedures.* In any proceeding with respect to objections to a confidentiality designation, the party designating the information as confidential shall have the burden of proof as to the confidential nature of the information.

3. A document may be designated as confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or, in the alternative, by written notice to opposing counsel that the document, identified by description or Bates-stamped number, is to be treated as Confidential Information.

4. For purposes of this Protective Order, information contained on electronic medium that is exchanged between the parties for forensic analysis or imaging will be treated as Confidential Information, until such time as the parties agree otherwise or by order of the Court. In addition, counsel for the parties agree that Confidential Information derived from an electronic medium (including computers and hard drives) will not be shared with their respective clients and will be for "attorneys eyes only" until counsel for each party is given three (3) days to review the information and assert confidentiality protection. Counsel for the parties will only share information with their respective clients that is agreed upon by the party providing the information or by order of the Court. Information contained on electronic medium, including computers and hard drives, that is not relevant to the issues presented in Plaintiff's Complaint and Jury Demand will not be shared with the parties to this matter and will be returned immediately to the party producing the information.

5. Confidential Information shall be produced only to counsel of record in this action and to named parties to this action, all of whom, by this Order, agree to be bound by the terms of

this Order. Confidential Information may also be produced to any other party who joins in this action and who agrees to be subject to the terms herein.

6. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party who designated the information as Confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions and subject to all other terms of this Stipulated Protective Order:

 a. counsel of record or persons in the employ of counsel of record to the extent such persons have involvement or responsibility in this litigation;

 b. experts or consultants retained by a party with respect to this action (whose identification shall be disclosed to counsel for the opposing party);

 c. individually named parties and entities to this litigation;

 d. any person who appears as a witness in a deposition or court proceeding in this action; and

 e. the Court before which this action is pending; and any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

7. Confidential Information used as deposition exhibits shall be subject to this Protective Order. Each court reporter shall be instructed by the parties' counsel to place the original deposition and all original deposition exhibits in a sealed envelope with the legend "Confidential Information -- not to be opened except by written stipulation between the parties or by order of the Court." Any portion of a deposition transcript where Confidential Information is

disclosed or otherwise referenced shall also be sealed and subject to the terms and conditions of this Protective Order.

8. Confidential Information may be used, subject to the terms and conditions of this Protective Order: in support of or in opposition to any motion in this civil action; during any court conference or hearing; during the trial of this civil action; and during any appeal of this civil action.

9. Any party wishing to use any Confidential Information in any brief, memorandum, affidavit, or other paper filed with the Court shall file all such affidavit(s), exhibit(s), or other paper(s), and any portion of any brief or memorandum referring or alluding to said Confidential Information, under seal, enclosing the document(s) or exhibit(s) in a sealed envelope, labeled with the caption of the case, a brief description of the contents, and a statement that the envelope is sealed pursuant to this Order.

10. Nothing in this Protective Order shall in any way affect the admissibility of Confidential Information.

11. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

    c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or

    d. prejudice in any way the rights of any party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

  12. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

  13. At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Information shall be returned to the counsel of record that provided the documents, including all copies thereof provided to any Authorized Person.

  Dated September 9, 2011

              By the Court:

              [signature]
              ~~District Court Judge~~

5208076_1.DOCX

              KRISTEN L. MIX
              U.S. MAGISTRATE JUDGE
              DISTRICT OF COLORADO